**PRO SE EMPLOYMENT DISCRIMINATION COMPLAINT (FILL-IN TEMPLATE)**

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED
2025 DEC 29 P 1:09
CLERK OF COURT

25-C 2044

---

UNITED STATES DISTRICT COURT
_____ DISTRICT OF _____

Tammie Jones,
   Plaintiff,

v.            Case No. _____

4C For Children,
   Defendant.

---

1. JURISDICTION AND VENUE

This Court has jurisdiction under:
X Title VII of the Civil Rights Act of 1964
☐ Americans with Disabilities Act (ADA)
☐ Age Discrimination in Employment Act (ADEA)
X Equal Pay Act
☐ Other: _____

Venue is proper because the events giving rise to this complaint occurred in:
City/State: Milwaukee, Wisconsin

---

2. PARTIES

Plaintiff:
Full Legal Name: Tammie Jones
Address: 1628 N 17th St.
City, State, Zip: Milwaukee, Wisconsin 53205
Phone: 414-839-5379
Email: tpjones09@yahoo.com

Defendant:
Legal Business Name: 4C For Children
Business Address: 1736 N 2nd St.
City, State, Zip: Milwaukee, Wisconsin 53212

----------------------------------------------

3. EEOC EXHAUSTION

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

EEOC Charge Number: 443-2023-03207
Date Right-to-Sue Notice Issued: 9/30/2025
Date Notice Received: 9/30/2025

This Complaint is filed within 90 days of receipt.

----------------------------------------------

4. STATEMENT OF FACTS

1. Plaintiff began employment with Defendant on: April 6, 2022
2. Plaintiff's job title was: CACFP Field Representative
3. Plaintiff's pay rate/salary: $16.18 an hour
4. Plaintiff became aware of discriminatory or unlawful conduct on:
   Date(s): July 2022
5. Description of conduct (facts only):
July 2022 through April 2023 I was the only person not paid for lunch breaks. Breastfeeding accommodations were not provided. Inappropriate remarks about breastfeeding.
Delayed reimbursement checks
403(b) documents were never submitted by management
6. Plaintiff reported or opposed the conduct on:
   Date(s): 04/07/2023
7. Adverse action taken by Defendant:
   ☐ Termination
   ☐ Demotion
   ☐ Pay reduction
   X Retaliation
   X Hostile work environment
   ☐ Other: _____

----------------------------------------------

## 5. LEGAL CLAIMS

### COUNT I – DISCRIMINATION
Basis (check all that apply):
 Race
 Sex
 Age
☐ Disability
X Pregnancy
X Pay Inequality
☐ Other: _____

Facts supporting claim:
The Department Of Labor determined 4C was in violation per case # 1989967.

### COUNT II – RETALIATION (if applicable)
Facts supporting retaliation:
Plaintiff engaged in protected activity by reporting and opposing discriminatory and unequal treatment in the workplace on or about 4/7/2023. Prior to Plaintiff initial reporting date, Defendant failed to provide Plaintiff with a private, sanitary, and appropriate space to express breastmilk. Instead Plaintiff was required to express breast milk in a bathroom, which was not clean, private, or suitable location for lactation. Defendant did not provide Plaintiff with access to a non-bathroom space that is required for lactation accommodation. In addition, the facility did not have access to hot water at the time. Plaintiff was required to sanitize her breast-pump equipment, further preventing proper sanitation and creating health and safety concerns. Plaintiff was subject to neglect, disrespect, and derogatory remarks regarding breastfeeding made by the Defendant which were humiliating and demeaning. Defendant failed to take corrective action to stop the inappropriate remarks or reasonable lactation accommodation which resoluted in The Department of Labor violation per case # 1989967. Shortly after Plaintiff engaged in this protected activity, on 05/02/2023 Defendant required a different clock in rule for Plaintiff despite Plaintiff peers not having to adhere to the same clock in rules. Plaintiff's protected activity and adverse actions taken against her. Plaintiff engaged in protected activity by questioning and opposing the inconsistent enforcement of Defendant's workplace policy regarding entry before office hours. On 10/12/2023 Defendant accused Plaintiff of violating 4C policy of entry before office hours despite Plaintiff following protocol. The Plaintiff was unfairly reprimanded for this action. Plaintiff requested clarification on 08/07/2024 regarding leadership presence, asked that camera footage be reviewed, and sought removal of a written warning that she reasonably believed was improperly issued. Following Plaintiff's protected activity, Defendant subjected Plaintiff to adverse employment actions, including maintaining the disciplinary warning and subjecting Plaintiff to increased scrutiny regarding attendance and policy compliance. The temporal proximity between Plaintiff's protected activity and

Defendant's actions demonstrates a causal connection and supports a claim of retaliation.

COUNT III – HOSTILE WORK ENVIRONMENT (if applicable)
Facts supporting hostile work environment:
Plaintiff was subjected to ongoing hostile and intimidating conduct in the workplace, on 6/18/2024 Defendant pulled Plaintiff in a meeting concerning performance despite the Plaintiff being on task. Defendant tasked Plaintiff to an additional workload requiring a significant 30 additional visits. This ongoing situation made it stressful and hostile for the Plaintiff to effectively perform duties. Despite having a doctor's note submitted to 4C on 08/14/2023 and following 4C policy the Plaintiff received an unnecessary intimidating email on 08/21/2023 regarding her absences although the Plaintiff provided a legitimate excuse that was not respected. The Defendant emailed Plaintiff notifying of a scheduled meeting 10/17/2023. The email promised food which was not provided at the meeting. Defendant also required Plaintiff to work beyond scheduled hours without prior notice. Defendant sent an email on 10/21/2023 unfairly criticizing the Plaintiff performance in the meeting. The Defendant pattern of disregarded, unreasonable demands, and misleading communication has contributed to a hostile work environment.

---------------------------------------------

6. DAMAGES

Plaintiff seeks the following relief:

X  Back pay / lost wages: $ 98,841.00
X  Compensatory damages (emotional distress): $ 98,841.00
X  Punitive damages: To be determined by the court
☐ Attorney's fees and court costs
☐ Any other relief the Court deems just and proper

---------------------------------------------

7. JURY DEMAND

X  Plaintiff demands a trial by jury.
☐ Plaintiff does not demand a jury trial.

---------------------------------------------

8. SIGNATURE

Respectfully submitted,

*Tammie Jones*
Tammie Jones
12/29/2025

Plaintiff, Pro Se