TAMMIE JONES,

        Plaintiff,

                                  Case No. 25-cv-2044-bhl

  v.

4C FOR CHILDREN,

        Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

On December 29, 2025, Plaintiff Tammie Jones, proceeding without an attorney, filed this lawsuit against Defendant 4C For Children, without paying the initial filing fee. (ECF No. 1.) On March 20, 2026, Jones filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). The matter is before the Court for consideration of Jones's IFP motion.

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Jones's IFP application includes information about her finances and is signed under penalty of perjury. (ECF No. 3 at 4.) She represents that she is employed, married, and has four children, all under the age of eighteen. (*Id.* at 1.) In terms of her income, Jones reports earning monthly wages of $4,800.00 in addition to her spouse's monthly wages of $1,800.00. (*Id.* at 2.) With respect to expenses, Jones reports monthly payments of $1,535.00 for her mortgage, $2,100.00 for credit card bills, $1,900 for other household expenses, $753.00 for her children's tutor, and $480.00 for therapy. (*Id.* at 2–3.) She also reports substantial assets including two cars, a 2004 Toyota Sienna worth approximately $500.00, and a 2010 BMW 550i worth approximately $3,200.00, for which she does not have monthly payments. (*Id.* at 3.) She further reports having approximately $40,000.00 in equity in her home, along with a "vacant duplex" worth approximately $15,000.00. (*Id.* at 3–4.) She states that she has $9.00 in checking and savings. (*Id.* at 3.) She identifies some additional expenses for medical care (she

does not have health insurance) and accordingly must pay expenses related to her children's special needs out of pocket but does not indicate the extent of these expenses. (*Id.* at 4.) She also notes that she is "over leverage with credit." (*Id.*)

Given these facts, the Court will deny Jones's IFP motion because she is not sufficiently indigent to warrant a fee waiver. While a plaintiff need not show that she is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Although Jones appears to have some credit card debt, she and her spouse receive $6,600.00 a month in income and have substantial assets, including $40,000.00 in home equity. On this record, she has the ability to pay the modest filing fee if she wishes to pursue a federal lawsuit. The Court will give Jones **thirty (30) days** from the date of this Order to pay the filing fee. If she does not pay, her case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Accordingly,

**IT IS HEREBY ORDERED** that Jones's motion for leave to proceed without prepayment of the filing fee, ECF No. 3, is **DENIED**. Jones has until May 8, 2026 to pay the filing fee; otherwise, her case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on April 8, 2026.

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States District Judge